IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MICHAEL SAVAGE                           *
5724 Osprey Court
Clifton, VA  20124                       *

      Plaintiff,                      *

v.                                       *       Case No. CAL21·06977

HOME DEPOT U.S.A., Inc.                  *
2455 Paces Ferry Road
Atlanta, GA 30339                        *

SERVE:                                   *
CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 820             *
Baltimore, MD 21202
                                         *

                                         *

And                                      *

JOHN DOE                                 *

      Defendants.                    *
*       *       *       *       *       *       *       *       *       *       *       *

FILED

JUN 2 4 2021

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, MICHAEL SAVAGE, by and through his counsel, Timothy F. Maloney, Matthew J. Focht, Esq. and the law firm of Joseph, Greenwald & Laake, P.A., and sues the Defendant, HOME DEPOT U.S.A., INC., and for cause therefor, states as follows:

### JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-102(a).

2.      Venue properly lies with this Honorable Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-201(a).

## PARTIES

3.     Plaintiff MICHAEL SAVAGE is an adult citizen of the Commonwealth of Virginia, residing at 5724 Osprey Court, Clifton, Virginia 20124.

4.     Upon information and belief, Defendant HOME DEPOT U.S.A., INC. is a corporate entity organized under the laws of the State of Delaware, listed as having a principal office located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Upon further information and belief, Defendant HOME DEPOT U.S.A., INC. is engaged in the business of retail sales of home improvement products, tools and services via its warehouse stores, including, but not limited to, Store #2554 located at 6003 Oxon Hill Road, Oxon Hill, Prince George's County, Maryland 20745.

5.     Defendant JOHN DOE is an actual person who has not been identified by Defendant HOME DEPOT U.S.A., Inc. in the course of the investigation of the instant matter. Plaintiff knows that Defendant DOE exists, as he was observed operating the forklift at issue in this case, but Plaintiff cannot identify that individual by name at this time and without use of the discovery tools available to him under the rules of this Honorable Court. As such, the use of a "John Doe" pleading is appropriate under the circumstances presented herein. *See Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Cont'l Food Prods.*, 2014 U.S. Dist. LEXIS 174252 at \*5 (D. Md. December 16, 2014); *see also Schiff v. Kennedy*, 691 F.2d 196, 197-98 (4th Cir. 1982).

## COUNT I
### Negligence

6.     Plaintiff hereby incorporates by reference Paragraphs 1-5 of the Complaint as if fully realleged herein.

7.     On or about September 26, 2018, Plaintiff MICHAEL SAVAGE was at Defendant HOME DEPOT U.S.A., INC.'s store #2554 in Oxon Hill, Prince George's County, Maryland shopping for home improvement supplies in the lumber department, and was standing beside a cart that he had loaded with plywood to purchase. At all times relevant hereto, Plaintiff was exercising due care and caution.

8.     At that same time and place, Defendant JOHN DOE, upon information and belief, an employee, agent and/or servant of Defendant HOME DEPOT USA, INC. acting within the scope of his employment, was operating a forklift in the same aisle of the store where the Plaintiff was situated when Defendant DOE failed to pay full time and attention to his surroundings thereby causing the forklift to collide into the Plaintiff's loaded plywood cart.

9.     The impact from the forklift pushed the loaded plywood cart into the Plaintiff striking his body about his hip area and causing him to fall to the ground, thereby causing the Plaintiff to suffer serious physical injuries.

10.    Plaintiff's physical injuries include, but are not limited to, episodes of sudden gripping pain running down the entire length of his left leg into his toes, particularly when transitioning from sitting to standing, left-sided sciatica, a broad-based disc bulge to the left with abutment of the left L3 nerve root, and disc bulging at L5-S1 with mild bilateral foraminal narrowing.

11.    At all times relevant herein Defendant JOHN DOE was acting as an employee, agent, and/or servant of Defendant HOME DEPOT U.S.A., INC. and the above-described negligent acts of Defendant DOE were committed within the scope of his employment with Defendant HOME DEPOT U.S.A., Inc. in that he committed them while on duty and in

3

furtherance of Defendant HOME DEPOT U.S.A., INC.'s interests.

12.     It was the duty of Defendant JOHN DOE to operate the forklift in a manner free from negligence, with due care and regard for the safety of customers in the store.   Notwithstanding said duties, Defendant DOE failed to pay full time and attention to his operation of the forklift and stuck the Plaintiff's plywood cart causing the plywood on the cart to collide with the Plaintiff's body.

13.     Defendant JOHN DOE was negligent in the operation of said forklift in that he failed to operate it in a safe, reasonable, prudent and proper manner by failing to pay full time and attention to his driving; failing to keep a proper lookout; failing to keep proper control of the forklift he was operating; failing to avoid or attempt to avoid a collision with Plaintiff's plywood cart; failing to control the speed of the forklift to avoid a collision; as well as committing other acts of negligence.

14.     Defendant HOME DEPOT U.S.A., INC. was further negligent by failing to properly train Defendant Doe; by permitting the forklift to be operated in the aisles of its store during normal business hours while customers were present; and by failing to issue adequate warning to the Plaintiff and other invitees of the potential danger posed by a forklift being operated in the store aisle  by the use of a sign or other such device; by failing to ensure that Defendant DOE operated it in accordance with applicable safety and/or industry standards, and/or by other such acts of negligence to be revealed in the course of discovery.

15.     As a direct and proximate result of the aforesaid acts of negligence, as well as other acts of negligence on the part of the Defendants, individually, jointly, and/or severally, and by and through Defendant HOME DEPOT U.S.A., INC.'s agents, servants and/or employees, including but

4

not limited to Defendant DOE, the Plaintiff, MICHAEL SAVAGE, was seriously, painfully, and permanently injured.

16.     As a result of such injuries, Plaintiff MICHAEL SAVAGE incurred damages which include, but are not limited to, past and future medical and rehabilitation expenses, temporary and/or permanent impairment of his physical capacity, past and future lost earnings, past and future impairment of his usual and customary activities, emotional distress, past and future conscious pain and suffering, as well as the past and ongoing inconvenience associated with his injuries and the resultant medical treatment.

17.     All such damages, injuries, and/or losses – past, present, and prospective – were caused by the negligent acts of Defendants, individually, jointly, and/or severally, and by and through Defendant HOME DEPOT U.S.A., INC.'s agents, servants and/or employees, including but not limited to Defendant DOE, and in breach of the respective duties owed by them to the Plaintiff.

18.     Plaintiff MICHAEL SAVAGE was in no way contributorily negligent, nor did he assume the risk of his injuries.

WHEREFORE, the Plaintiff, MICHAEL SAVAGE, demands judgment against Defendants HOME DEPOT U.S.A., INC. and JOHN DOE, individually, jointly, and or severally, for monetary damages, together with the costs of this action, which damages exceed $75,000.00, as well as such further and additional relief as the nature of the case may require and which this Honorable Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff MICHAEL SAVAGE hereby demands a trial by jury as to all issues raised herein.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By:

Timothy F. Maloney, Esquire, CPF 8606010245
tmaloney@jgllaw.com
Matthew J. Focht, Esquire, CPF 0112110249
mfocht@jgllaw.com
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200 (phone)
(301) 220-1214 (facsimile)

*Counsel for Plaintiff*
*MICHAEL SAVAGE*

6